UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| CRAIG A. MINGGIA,<br>  PLAINTIFF,<br><br>VS.<br><br>WORCESTER COUNTY<br>HOUSE OF CORRECTION,<br>OFFICER T. DECOTEAU,<br>OFFICER MANGE,<br>OFFICER CAVALIERI,<br>OFFICER LEAHY and<br>LT. ANDERSON,<br>  DEFENDANTS. | CIVIL ACTION<br>NO. 11-40002-FDS |

## MEMORANDUM AND ORDER
### March 12, 2012

**HILLMAN, M.J.**

### Nature of the Proceeding

This present matter was referred to me by Order of Reference dated September 9, 2011 for decision on the motions of Craig A. Minggia ("Plaintiff" or "Minggia") for the appointment of counsel. (Docket Nos. 13 and 14).[1]

### Nature of the Case

Minggia, proceeding *pro se*, has filed a Complaint against the Worcester County House of Correction ("WCHC") and named correctional officers pursuant to the federal civil rights act,

---

[1] The Plaintiff did not file a formal motion. Instead he wrote two letters to the Court requesting a court-appointed attorney. The Court will treat these letters as motions for the appointment of counsel.

42 U.S.C. §1983, alleging violations of his rights under the Free Exercise Clause of the First Amendment.[2]  Specifically, he alleges that his ability to follow his religion's (Islam) dietary restrictions was adversely affected by the actions of correctional officers at the WCHC.  Minggia seeks appointment of counsel to represent him in this action.  For the reasons set forth below, I deny the motions, at this time.

## **Discussion**

There is no constitutional right to a free lawyer in civil cases. *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991); *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986).  However, this Court has granted Minggia's motion to proceed *in forma pauperis* as an indigent party  (*see* Docket No. 9) and therefore, Minggia may seek appointment of counsel in accordance with 28 U.S.C. § 1915(e)(1).

### *The Applicable Legal Standard*

In order to qualify for appointment of counsel under Section 1915(e)(1), the party must be indigent and "exceptional circumstances must exist such that denial of counsel will result in fundamental unfairness impinging on the party's due process rights." *DiBuono v. Guckenheimer Enterprises, Inc.,* Civ. No. 10-40255-FDS, 2011 WL 180554, (D.Mass. Jan. 13, 2011); *Cookish*, 787 F.2d at 2.  To determine whether exceptional circumstances exist, the court must look to the totality of the indigent party's situation. *DesRosiers*, 949 F.2d at 24.  There are several factors that demonstrate "exceptional circumstances", such as: "the indigent's ability to conduct whatever factual investigation is necessary to support his or her claim; the complexity of the

---

[2] Minggia is proceeding *pro se* and for that reason, his pleadings will be construed liberally. *See Ashmont v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).  Minggia does not expressly cite to Section 1983, however, given the nature of his claims and the legal and factual assertions made in support thereof, it appears that his intent is to pursue a federal civil rights claim.

2

factual and legal issues involved; and the capability of the indigent litigant to present the case."
*Cookish*, 787 F.2d at 3 (internal citations omitted).

These factors are not exclusive. *DesRosiers*, 949 F.2d at 24 (a court must examine the total situation and can use a variety of reasons to decide a motion for appointment of counsel). Other factors the court may use to determine whether to appoint counsel in civil proceedings are: the likelihood of success of the claim; whether information necessary to support a petitioner's claims are available in prior court filings; and the petitioner's prior experience litigating his or her own claims. *United States v. Mala*, 7 F.3d 1058, 1063 (1st Cir. 1993) (noting the "fair likelihood of success on the constitutional claim" cut towards appointing counsel for habeas petitioner); *Lucien v. Spencer*, 534 F.Supp.2d 207, 210 (D.Mass. 2008) ("When a petitioner can find the information necessary to support his claims in prior court filings, appointment of counsel is typically not appropriate."); *Carmichael v. Warden*, 346 F. Supp. 2d 207, 209 (D.Me. 2004) (noting the "veteran litigator" petitioner's previous involvement in lawsuits and his ability to file appropriate motions demonstrate an ability to represent himself).

### *Whether Counsel Should Be Appointed In This Case*

The Court has granted Minggia's motion to proceed *in forma pauperis* and therefore, he has satisfied the indigency requirement. The question now becomes whether he has demonstrated exceptional circumstances such that appointment of counsel is warranted in this case. In support of his request, Minggia asserts that he needs counsel: (1) to assist him in preparing his case and to provide him proper legal advice; and (2) to ensure that his legal

3

correspondence is handled appropriately[3]. *See* Docket No. 14. As to Minggia's assertion that he requires appointment of counsel in order to ensure that his legal mail is not interfered with by personnel at the WCHC, he has since been transferred to MCI-Cedar Junction and therefore, the Court will not address this contention any further.

First, neither the legal issues nor the underlying supporting facts of this case are particularly complex and Minggia has demonstrated a sufficient ability to draft coherent legal arguments and pleadings. Second, as evidenced by the supporting documentation in his pleadings, Minggia has shown that he is more than able to conduct an investigation and obtain evidence to substantiate his claims. Third, for the most part, Minggia has complied with the rules of this Court and has promptly moved to cure any procedural defects. For example, the Docket reflects that Minggia's initial motion to proceed *in forma pauperis* was denied for failure to provide a certified prison account statement. Minggia promptly filed the appropriate paperwork. Finally, the Court must consider the merits of Minggia's First Amendment claim. At this very early stage of the proceedings, the Court has little information from which to assess the merits of the Plaintiff's claims and for that reason, I cannot make a determination as to whether he is likely to succeed on the merits. Therefore, this last factor is neutral.

On the whole, considering the relevant factors, at this early stage of the proceedings, I do not find that Minggia has demonstrated the existence of exceptional circumstances sufficient to warrant the appointment of counsel. Therefore, his motions to appoint counsel are denied, without prejudice.

---

[3] Minggia states that he believes that personnel at the WCHC are opening his legal mail. In other pleadings filed with the Court, Minggia suggest that such personnel have also removed key documents from his ingoing and outgoing mail in order to harass him and prevent him from pursuing his case.

## Conclusion

For the reasons set forth above, Minggia's motions for appointment of counsel (Docket Nos. 13 and 14) are *denied*, as provided in this Order.

/s/ **Timothy S. Hillman**
Timothy S. Hillman
United States Magistrate Judge