UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CRAIG A. MINGGIA,<br>   Plaintiff,<br><br>  v.<br><br>WORCESTER COUNTY HOUSE OF<br>CORRECTION, et al,<br>   Defendants. | )<br>)<br>) C.A. No. 11-40002-TSH<br>)<br>)<br>)<br>)<br>)<br>) |

MEMORANDUM AND ORDER
January 28, 2013

Craig A. Minggia ("Minggia"), proceeding *pro se*, has filed a Complaint against the Worcester County House of Correction ("WCHC") and named correctional officers pursuant to the 42 U.S.C. § 1983,[1] alleging violations of his rights under the Free Exercise Clause of the First Amendment.  Specifically, he alleges that his ability to follow his religion's (Islam) dietary restrictions was adversely affected by the actions of correctional officers at the WCHC.  Pending before the Court are Minggia's motion for appointment of counsel (Docket No. 40) and motions to amend the complaint (Docket Nos. 44, 48).[2]  The Court will address each motion in turn.

I. Factual And Procedural Background

Minggia filed his complaint on January 3, 2011.  Docket No. 1.  Defendants answered the complaint on August 18, 2011.  Docket No. 25.  The District Court held a scheduling conference on December 4, 2012.  Docket No. 41.  On December 7, 2012, the Court issued a scheduling

---

[1]  Minggia is proceeding *pro se* and for that reason, his pleadings will be construed liberally.  See Ashmont v. Rosenblatt, 118 F.3d 886, 890 (1st Cir. 1997). Minggia does not expressly cite to Section 1983, however, given the nature of his claims and the legal and factual assertions made in support thereof, it appears that his intent is to pursue a federal civil rights claim.

[2] On January 16, 2013, the District Court referred these motions to the undersigned. Docket No. 49.

order setting February 28, 2013 as the deadline for the filing of amended pleadings and August 12, 2013 for the completion of fact discovery.  Docket No. 43.

II.     Motion Appointment Of Counsel (Docket No. 40)

On December 3, 2012, Minggia filed a motion for the appointment of counsel.  Docket No. 40.[3]  In support of his request, Minggia asserts that he needs counsel because: (1) his imprisonment will greatly limit his ability to litigate; and (2) counsel would be better able to present evidence and cross examine witnesses at trial.  Docket No. 40.  For the reasons below, the motion is denied without prejudice.

The appointment of counsel in a civil case for an indigent litigant is a matter that lies within the discretion of the court.  DesRosiers v. Moran, 949 F.2d 15, 24 (1st Cir. 1991) (citations omitted).  "There is no absolute constitutional right to a free lawyer in a civil case." Id. at 23 (citations omitted).  A plaintiff must demonstrate that he is indigent and that exceptional circumstances warrant the appointment of counsel.  Id.  To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.  Id.

The District Court granted Minggia's motion to proceed in forma pauperis, see Docket No. 9, and therefore, he has satisfied the indigency requirement.  However, the Court finds that Minggia has not demonstrated exceptional circumstances warranting the appointment of counsel

---

[3] The District Court denied without prejudice Minggia's previous motions for appointment of counsel on March 12, 2012.  Docket No. 28.

for his case-in-chief at this time.[4]  As stated by the District Court in denying Minggia's previous motions for appointment of counsel, neither the legal issues nor the underlying supporting facts of this case are particularly complex and Minggia has demonstrated a sufficient ability to draft coherent legal arguments and pleadings.  Considering the relevant factors, and at this early stage of the proceedings, this Court does not find that Minggia has demonstrated the existence of exceptional circumstances sufficient to warrant the appointment of counsel. Therefore, his motion to appoint counsel is denied without prejudice.

III.    Motions To Amend The Complaint (Docket Nos. 44 and 48)

On December 7, 2012, Minggia filed a motion to amend his complaint that sought to add Eighth and Fourteenth Amendment claims.[5]  Docket No. 44.  Specifically, Minggia seeks to allege that defendants violated the Eighth Amendment by withholding food from him and also denied his due process rights while handling his related grievances and by subsequently retaliating against him.  Id.  On January 11, 2013, Minggia filed another motion to amend his complaint, which repeated the grounds set forth in his previous motion to amend but specifically stated that he wished to bring a Fourteenth Amendment claim.  Docket No. 48.  Defendants have not opposed either motion.

Where, as here, a responsive pleading has been filed, Rule 15(a) of the Federal Rules of Civil Procedure permits an opposed amendment to a pleading only by leave of court.  Leave to amend "shall be freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2).  However,

---

[4]    The Court notes that it appears Minggia received pro bono counsel for purposes of a then-scheduled mediation through an independent and separate mediation-specific program.

[5]    Although Minggia does not expressly cite to the Fourteenth Amendment, given the nature of his claims and the legal and factual assertions made in support thereof, it appears that he intends to pursue such a claim.

"the liberal amendment policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases."  Invest Almaz v. Temple-Inland Forest Prods. Corp., 243 F.3d 57, 71 (1st Cir. 2001) (internal quotation marks omitted).  A court "enjoys significant latitude in deciding whether to grant leave to amend" and the court's decision receives deference "if any adequate reason for the denial is apparent on the record."  U.S. ex rel. Gagne v. City of Worcester, 565 F.3d 40, 48 (1st Cir. 2009) (citations omitted).  Reasons for denying leave to amend include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment.  Id. (citing Foman v. Davis, 371 U.S. 178, 182 (1962)).

Upon review of Minggia's motions and having received no opposition from defendants, the Court will grant Minggia's motions to amend.  Although the proposed amended complaint will add Eighth and Fourteenth Amendment claims to Minggia's existing Section 1983 claim based on the First Amendment, these claims are based on the substantially the same facts and circumstances as alleged in the original complaint.  In addition, discovery has just started in this case, the motions were filed before the Court's deadline to amend the pleadings, and there is no evidence of undue delay or prejudice to defendants.

Accordingly, Minggia's motions are GRANTED.  By February 25, 2013, Minggia must file an amended complaint that incorporates his new claims and factual allegations.  Defendants shall respond within fourteen days after service of the amended pleading.

IV.     Conclusion

For the foregoing reasons, Minggia's motion for appointment of counsel (Docket No. 40) is DENIED, and his motions to amend the complaint (Docket Nos. 44, 48) are GRANTED

.                                                    /s/ Jennifer C. Boal
                                                    JENNIFER C. BOAL
                                                    United States Magistrate Judge